**ZURICH AMERICAN INSURANCE COMPANY, Plaintiff,**

v.

**TYREE HOLDINGS CORP., Defendant.**

**Civil Action No. 14–4127 (JBS/KMW).**

United States District Court, D. New Jersey.

Filed Nov. 3, 2014.

---

Dennis Edward Kadian, Bressler, Amery & Ross, P.C., Florham Park, NJ, Samuel J. Thomas, Bressler, Amery & Ross, PC, Morristown, NJ, for Plaintiff.

## ORDER FOR AMENDED DEFAULT JUDGMENT

JEROME B. SIMANDLE, Chief Judge.

This matter comes before the Court by way of Plaintiff's amended Bill of Costs and supporting affidavits in connection with Plaintiff's request for the taxation of $515.95 in costs.[1] [Docket Items 8 & 10.] On September 17, 2014, the Court entered default judgment in favor of Plaintiff and against Defendant in the amount of $127,348.83, and granted Plaintiff leave to file an application for attorneys' fees, costs, and/or expense. [Docket Item 7.]

■ Federal Rule of Civil Procedure 54 and 28 U.S.C. § 1920 generally permit the taxation of the following costs:

1. Fees of the clerk and marshal;

2. Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

3. Fees and disbursements for printing and witnesses;

4. Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

5. Docket fees under section 1923 of this title [28 U.S.C. § 1923]; and

---

1. Plaintiff initially sought an award of $38,213.80 in purportedly accrued interest. [Docket Item 8.] Upon reviewing this request, the Court directed counsel for Plaintiff, by letter dated October 8, 2014, "to append [the] specific portion of the parties' insurance agreement that sets forth Plaintiff's entitlement to such interest calculation." [Docket Item 9.] In his amended affidavit, filed October 17, 2014, counsel now states that "Plaintiff will not pursue interest and attorneys' fees on [the default] judgment as it is not specified in the insurance agreement between the parties." (Kadian Aff. at ¶ 4.) The Court, accordingly, need not address Plaintiff's initial request for an interest calculation.

6. Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title [28 U.S.C. § 1828].

28 U.S.C. § 1920(1)-(6). The party seeking recover of costs must, however, "provide sufficient information" to demonstrate the compensable nature of the requested costs. *N.J. Mfrs. Ins. Grp. v. Electrolux, Inc.*, No. 10–1597, 2013 WL 5817161, at *2 (D.N.J. Oct. 21, 2013). The party must further comply with Local Civil Rule 54.1, which requires that a request for costs "precisely set forth each [cost][ ], so that the nature of the charge can be readily understood" and substantiated by "copies of all invoices[.]" L. CIV. R. 54.1(b).

In this action, Plaintiff requests taxation of the following costs:

1. $400.00 in filing fees;

2. $59.95 incurred in connection with the service of subpoenas;

3. $31.00 "for exemplification and copies of papers necessarily obtained for use in the case[;]" and

4. Docket fees in the amount of $25.00. (Kadian Aff. at ¶¶ 6–9.)

■ In light of Plaintiff's initial failure to append invoices in support of its request for the taxation of service and copying costs [Docket Item 8], the Court's October 8, 2014 letter directed Plaintiff to attach "the substantiating invoices" for such costs. [Docket Item 9.] Despite the Court's directive, Plaintiff has again failed to append the invoices necessary to demonstrate Plaintiff's entitlement to the taxation of these costs. Rather, counsel for Plaintiff appended an invoice produced by its firm. (Kadian Aff., Ex. A.) Such invoice, however, fails to provide any sub-

stantiating details concerning Plaintiff's request for service and copying costs. [*Id.*] Indeed, the invoice does not delineate the parties and/or entities to whom Plaintiff served subpoenas, nor appends any materials confirming the service of such subpoenas. [*Id.*] The invoice similarly fails to set forth the number of copies for which Plaintiff seeks taxation, nor provides any support for counsel's assertion that this action "necessarily" required such copies. [*Id.*] The Court will therefore deny Plaintiff's bill of costs to the extent it seeks, without sufficient documentation, $59.95 for service of summons and subpoenas and $31.00 for certain copying costs. [Docket Item 10.] *See United Access Techs., LLC v. EarthLink, Inc.*, No. 02–272, 2012 WL 2175786, at *10 (D.Del. June 14, 2012) (noting that a "court is free to deny [a] request for" costs "when it finds" the documentation lacking or insufficient); *Central Del. Branch of N.A.A.C.P. v. City of Dover, Del.*, 123 F.R.D. 85, 93 (D.Del.1988) ("Failure to properly document expenses is an obvious ground for denial of costs to an applicant").

■ The Court will, however, grant Plaintiff's request for taxation of the $400 filing fee associated with this action,[2] and will grant in part Plaintiff's request for recovery of a docket fee. (Kadian Aff. at ¶¶ 6, 9.) A prevailing party may recover a docket fee "under section 1923 of this title." 28 U.S.C. § 1920(5). Section 1923(a) provides that, "Attorney's and proctor's docket fees in courts of the United States may be taxed as costs as follows: $20 on trial or final hearing (including a default judgment whether entered by the court or by the clerk) in civil, criminal, or admiralty cases [.]" 28 U.S.C. § 1923(a). Plaintiff seeks $25 as a docket fee, but provides no

---

2. Though counsel for Plaintiff provided no invoice concerning the filing fee in this ac-

tion, the public docket readily reflects Plaintiff's payment of such sum.

support for its request for recovery of a docket fee greater than that provided by Section 1923(a). (Kadian Aff. at ¶ 9.) The Court will therefore only permit Plaintiff to recover docket fees in the reduced amount of $20.

In sum, the Court will tax $420 in costs, comprised of the $400 filing fee and $20 in docket fees under 28 U.S.C. § 1923(a). The Court's September 17, 2014 Default Judgment will, accordingly, be augmented by such sum. Consequently, for good cause shown,

It is on this *3rd* day of *November,* 2014, hereby

**ORDERED** that Plaintiff's Bill of Costs, as amended [Docket Items 8 & 10], shall be, and hereby is, *GRANTED IN PART* and *DENIED IN PART;* and it is further

**ORDERED** that an *AMENDED* default judgment shall be entered in favor of Plaintiff and against Defendant in the amount of $127,768.83.